IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JAMISON,

      Plaintiff,                     No. CIV S-11-2056 WBS DAD P

   vs.

OFFICER DAVUE et al.,

      Defendants.           ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the court will grant plaintiff's request for leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

1  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly
2  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
3  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
4  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
5  U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

7           The court is required to screen complaints brought by prisoners seeking relief
8  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
10 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
11 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
12 U.S.C. § 1915A(b)(1) & (2).

13          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
15 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
16 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
17 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
18 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19 Cir. 1989); Franklin, 745 F.2d at 1227.

20          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
21 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
24 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
25 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
26 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////
/////
/////
/////

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as defendants Officer Davue, Lieutenant Day, Lieutenant Radamaker, Sergeant Chow, Officer Chand, and Dr. Zil.[1] All of the defendants are employed at the Yolo County Jail in Woodland, California. According to the complaint, plaintiff adheres to the Jewish faith and follows a kosher diet. Plaintiff is also transgender, with breasts, and takes female hormones. Plaintiff complains that he has had difficulty getting kosher meals and has experienced harassment as a result of his transgender status. In terms of relief, plaintiff requests monetary damages.

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In any amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must also allege in specific terms how each named defendant was involved in the deprivation of his rights. There can be no

---

[1] In his complaint, plaintiff spelled defendant Davue's name "Dauve" and spelled defendant Radamaker's name "Ratliff." Plaintiff has filed a motion to correct the spelling of the defendants' names. Good cause appearing, the court will grant plaintiff's motion and direct the Clerk of the Court to amend the docket to reflect the correct spelling of defendants' names.

4

1 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
2 defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.
3 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
4 1978).

5       If plaintiff elects to pursue this action by filing an amended complaint, he must
6 clarify what constitutional or federal statutory right he believes each defendant has violated and
7 support each claim with factual allegations about each defendant's actions. To the extent that
8 plaintiff wishes to raise a claim against any of the defendants for interfering with his ability to
9 freely exercise his religion with respect to receiving a kosher diet, he is advised that he may bring
10 his claim under the First Amendment and/or the Religious Land Use and Institutionalized
11 Persons Act ("RLUIPA"). Under the First Amendment, free exercise rights are "necessarily
12 limited by the fact of incarceration, and may be curtailed in order to achieve legitimate
13 correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th
14 Cir. 1987). The constitutional right to free exercise of religion must be balanced against the
15 state's right to limit First Amendment freedoms in order to attain valid penological objectives
16 such as rehabilitation, deterrence of crime, and preservation of institutional security. See O'Lone
17 v. Shabazz, 482 U.S. 342, 348 (1987); Pell v. Procunier, 417 U.S. 817, 822-23 (1974). These
18 competing interests are balanced by applying a "reasonableness test." McElyea, 833 F.2d at 197.
19 Under RLUIPA, the government is prohibited from imposing "a substantial burden on the
20 religious exercise of a person residing in or confined to an institution . . . even if the burden
21 results from a rule of general applicability." 42 U.S.C. § 2000cc-1(a). Plaintiff bears the initial
22 burden of demonstrating that an institution's actions have placed a substantial burden on
23 plaintiff's free exercise of religion. To state a cognizable claim under the First Amendment or
24 RLUIPA, plaintiff must specify in any amended complaint which defendants have denied him
25 access to a kosher diet and link his claim together with specific defendant(s) and his or her
26 specific conduct.

5

To the extent that plaintiff wishes to raise a claim against any of the defendants for harassing him or discriminating against him based on his transgender status, he is advised that verbal harassment or abuse alone does not violate the Constitution and thus does not give rise to a claim for relief under 42 U.S.C. § 1983. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language and verbal harassment do not state a constitutional deprivation under § 1983). However, to the extent that plaintiff seeks to bring an equal protection claim against defendants for discriminating against him, he is advised that the Fourteenth Amendment Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). To state a cognizable claim under the Equal Protection Clause, plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in original) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)). Plaintiff is cautioned, however, that transgender individuals do not constitute a "suspect" class, so allegations that defendants discriminated against him based on his transgender status are subject to a mere rational basis review. In this regard, any regulation, policy, or practice will be upheld if it is "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## OTHER MATTERS

Also pending before the court are plaintiff's motion for preliminary injunctive relief and motion for appointment of counsel. In plaintiff's motion for preliminary injunctive relief, plaintiff seeks a court order requiring defendants to obtain his breakfast, lunch, and dinner from a local establishment that provides kosher meals prepared in a kosher kitchen. As an initial matter, plaintiff's motion is defective because it does not comply with the Local Rules of Court. The court will not entertain any future request or motion for injunctive relief that is not supported by (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 231. In addition, plaintiff's motion for injunctive relief is premature. No defendants have been served at this time and thus have not been provided an opportunity to respond to plaintiff's allegations. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Finally, for the same reasons discussed above, plaintiff's motion fails to state a cognizable claim for relief and does not demonstrate that plaintiff is entitled to the requested court order. See Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) ("The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'") (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)). Accordingly, plaintiff's motion for preliminary injunctive relief will be denied without prejudice.

/////

As to plaintiff's motion for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 12) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Yolo County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

/////

1  amended complaint in accordance with this order will result in a recommendation that this action
2  be dismissed without prejudice.
3       5. Plaintiff's motion to correct the spelling of defendant Davue and defendant
4  Radamaker's names (Doc. No. 11) is granted.
5       6. Plaintiff's motion for preliminary injunctive relief (Doc. No. 11) is denied
6  without prejudice.
7       7. Plaintiff's motion for appointment of counsel (Doc. No. 11) is denied.
8       8. The Clerk of the Court is directed to amend the docket to reflect the correct
9  spelling of defendant Davue and defendant Radamaker's names and to send plaintiff the court's
10 form for filing a civil rights action.
11 DATED: March 22, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jami2056.14