IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JAMISON,

    Plaintiff,                      No. 2:11-cv-2056 WBS DAD P

    vs.

OFFICER DAVUE et al.,

    Defendants.             ORDER

                               /

        Plaintiff is a county jail inmate proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are several motions filed by plaintiff.

        First, plaintiff has filed a motion for summary judgment as well as two additional motions seeking to supplement his motion for summary judgment. The court will deny plaintiff's summary judgment related motions without prejudice. As an initial matter, plaintiff did not sign his actual motion for summary judgment. Under Local Rule 131 and Rule 11 of the Federal Rules of Civil Procedure, plaintiff must sign every written motion he submits to the court. See Local Rule 131 & Fed. R. Civ. P. 11(a). In addition, plaintiff's motion for summary judgment does not comply with the requirements of Local Rule 260. Local Rule 260 requires a motion for summary be supported by a "Statement of Undisputed Facts" and cite to particular

1

1  evidence plaintiff relies upon to establish his undisputed facts.  See Local Rule 260.  Plaintiff has
2  not submitted a statement of undisputed facts or proper evidence in support of his motion.  Nor
3  does plaintiff's motion comply with Rule 56 of the Federal Rules of Civil Procedure, which
4  requires the moving party to identify each claim on which summary judgment is sought.  See
5  Fed. R. Civ. P. 56(a).  Plaintiff's five-page motion for summary judgment and his proposed
6  supplements thereto are vague and conclusory and fall short of demonstrating that he is entitled
7  to judgment in his favor as a matter of law.
8           Also pending before the court are plaintiff's motions for preliminary injunctive
9  relief.  The court will deny these motions brought by plaintiff without prejudice as well.  First,
10 plaintiff's brief motions do not comply with Local Rule 231 which requires that a motion for
11 preliminary injunctive relief be accompanied by:  (1) a declaration signed under penalty of
12 perjury on the question of irreparable injury; (2) a memorandum of points and authorities
13 addressing all legal issues raised by the motion; and (3) evidence of notice to all persons who
14 would be affected by the order sought.  In addition, in plaintiff's motions for preliminary
15 injunctive relief , he does not specify who he seeks relief from but rather simply asks the court to
16 order him transferred to a different jail while this lawsuit is pending.  Plaintiff is advised that this
17 court is unable to issue an order against any individual or entity who is not a party to a suit
18 pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969);
19 Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal
20 court may issue an injunction if it has personal jurisdiction over the parties and subject matter
21 jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
22 court.").  Finally, "[t]he proper legal standard for preliminary injunctive relief requires a party to
23 demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
24 in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
25 injunction is in the public interest.'"  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009)
26 (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)).  Again, plaintiff's pending

motions for preliminary injunctive relief are vague and conclusory and fall short of making the showing required for the granting of preliminary injunctive relief. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment and motions to supplement (Doc. Nos. 39, 41 & 42) are denied without prejudice; and

2. Plaintiff's motions for preliminary injunctive relief (Doc. Nos. 44, 45, 46 & 48) are denied without prejudice.

DATED: April 16, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jami2056.mots