UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMISON, | No. 2:11-cv-2056 WBS DAD P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER DANUE et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

On June 5, 2014, plaintiff filed a motion to vacate any settlement agreement between the parties. At the time, neither party had filed a notice of settlement with the court. On June 9, 2014, however, defendants filed a stipulation signed by both parties dismissing this action with prejudice. Plaintiff apparently had signed the stipulation back on May 8, 2014. Defense counsel, however, did not sign the stipulation until June 9, 2014. The Clerk of the Court reviewed the stipulation and automatically closed the case in error. Upon review of the record, it appears that the parties have not reached a settlement agreement in this case. Specifically, plaintiff declares in his pending motion before the court that he is a mental health patient and did not understand the nature of the proposed settlement agreement that he signed. Under these circumstances, the court declines to dismiss this action pursuant to the stipulation and will direct the Clerk of the Court to

1

1  re-open this matter.

2  Plaintiff has also filed a motion for appointment of counsel. As the court previously
3  advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to
4  require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist.
5  Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may
6  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer,
7  935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.
8  1990).

9  The test for exceptional circumstances requires the court to evaluate the plaintiff's
10  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
11  light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,
12  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
13  common to most prisoners, such as lack of legal education and limited law library access, do not
14  establish exceptional circumstances that would warrant a request for voluntary assistance of
15  counsel. In the present case, the court does not find the required exceptional circumstances.
16  Accordingly, the court will deny plaintiff's motion for appointment of counsel.

17  Finally, the court observes that this is the second time the parties may have come close to
18  settling this case. Last year, the parties filed a notice of settlement agreement, prompting the
19  court to vacate its discovery and scheduling order. However, plaintiff subsequently sent a letter
20  to defense counsel wherein he stated that he was going to withdraw from the negotiated
21  settlement agreement and would not sign the release and stipulation for dismissal. The parties
22  then proceeded with this litigation. The court notes that if the parties are inclined to participate in
23  a court-supervised settlement conference, the court would be willing to schedule one in this case.[1]
24  In the meantime, however, the court will re-set a schedule for this litigation.

---

[1] If a settlement were to be reached at a court-supervised settlement conference it would be summarized on the record in open court and both parties would be required to acknowledge on the record their understanding of the terms of the settlement agreement and their desire and commitment to settle the case on those agreed upon terms. At that point, the settlement agreement would certainly be enforceable in court even if one of the parties later expressed misgivings or a change in heart.

Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed in accordance with paragraphs 4-8 of this order.

Should this matter proceed to trial the court will, by subsequent order, require the parties to file pretrial statements. In addition to the matters required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in the pretrial statement in order to obtain the attendance of witnesses at trial. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove the case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, plaintiff must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

1. The prospective witness is willing to attend;

<u>and</u>

2. The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

1. State the name, CDC Identification number, and address of each such witness;

<u>and</u>

3

    2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

    1. The party can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

    Or

    2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

    1. The party can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

    Or

    2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will

issue the order necessary to cause the witness' custodian to bring the witness to court.

II. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with the pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

III. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

IV. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court). Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

/////

5

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief from any settlement agreement (Doc. No. 79) is granted.

2. The Clerk of the Court is directed to re-open this case.

3. Plaintiff's motion for appointment of counsel (Doc. No. 79) is denied.

4. Discovery requests shall be served by the party seeking the discovery on all parties to the action.[2] Discovery requests shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3 and 250.4.

5. Responses to written discovery requests shall be due forty-five days after the request is served.

6. The parties are cautioned that filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that the action be dismissed or the answer stricken.

7. Pursuant to Federal Rule of Civil Procedure 30(a), defendants may depose plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1).

8. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 134, 135, 130, 131, 110, 142, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California; unless otherwise ordered, Local Rule 251 shall not apply. Filing of a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion.

9. The parties may conduct discovery until October 10, 2014. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

/////

---

[2] If an attorney has filed a document with the court on behalf of any defendant, then plaintiff must serve documents on that attorney and not on the defendant. See Fed. R. Civ. P. 5(b).

10. All pretrial motions, except motions to compel discovery, shall be filed on or before January 10, 2015. Motions shall be briefed in accordance with paragraph 8 of this court's order filed December 13, 2012.

11. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

Dated: June 11, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jami2056.41dso